# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON, | ) | No. 76973-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JASON MICHAEL BUTCHER, | ) | |
| | ) | |
| Appellant. | ) | FILED: November 5, 2018 |
| | ) | |

BECKER, J. — A jury convicted Jason Butcher of heroin possession. He contends that flawed jury instructions diluted his defense of unwitting possession. He also contends that his lawyer was ineffective for not objecting to the flawed instructions. We affirm.

Butcher's trial on one count of possession of a controlled substance occurred on April 17 and 18, 2017. A police officer testified that he approached Butcher on the evening of October 16, 2015. They had a brief conversation during which Butcher gave his name. After they parted ways, the officer quickly ascertained that there was an outstanding warrant for Butcher's arrest. He caught up with Butcher, who had continued walking, and arrested him. The officer searched a backpack Butcher was wearing. It contained "unused syringes still in the initial packaging as well as a scale with a brown tar-like substance which appeared to be heroin." Testing confirmed the substance was heroin.

During the defense case-in-chief, Butcher did not dispute that the scale was found in his possession or that the substance on the scale was heroin. He argued that his possession was unwitting. Butcher was the only defense witness. He testified that on the day of the crime, a man he was with put the syringes and a small case in Butcher's backpack and asked him to take the syringes to a homeless shelter and the case to the man's girlfriend. Butcher said that he did not look inside the case. When asked to describe it, Butcher said it was a small case with a floral design and a white zipper on top. Butcher explained that he was on his way to deliver the items when he was arrested. He testified that he learned the case contained the scale when the officer opened it. When asked by defense counsel if he knew before that point that he was possessing heroin, Butcher responded, "No I did not."

The officer testified on rebuttal that he did not remember a floral-patterned case like the one described by Butcher. During the State's case-in-chief, the officer had testified that the scale "might have been in another case or something" but he could not recall.

The jury found Butcher guilty as charged. Based on Butcher's stipulation to the aggravating factor that he committed the offense shortly after being released from incarceration, the court imposed an exceptional sentence of 366 days' confinement, one day above the high end of the standard range. Butcher filed this timely appeal.

Butcher challenges instruction 10, a pattern to-convict instruction:

2

> To convict the defendant of the crime of possession of a controlled substance, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about October 16, 2015, the defendant possessed a controlled substance - Heroin; and
> (2) That this act occurred in the State of Washington.
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Butcher contends that the instruction should have stated that there was no duty to convict if his possession was unwitting.

Butcher did not object to this instruction when it was given. He claims that it can be reviewed as manifest constitutional error under RAP 2.5(a)(3). This requires a showing that the error is manifest, meaning that it caused actual prejudice. State v. O'Hara, 167 Wn.2d 91, 99, 217 P.3d 756 (2009). Butcher asserts that instruction 10 prejudiced him by eliminating his unwitting possession defense from the jury's consideration. But the unwitting possession defense was accurately stated in instruction 11, which was proposed by Butcher:

> A person is not guilty of possession of a controlled substance if the possession is unwitting. Possession of a controlled substance is unwitting if a person did not know that the substance was in his possession.
> The burden is on the defendant to prove by a preponderance of the evidence that the substance was possessed unwittingly. Preponderance of the evidence means that you must be persuaded, considering all of the evidence in the case, that it is more probably true than not true.

Butcher's argument that this information should also have been stated in the to-convict instruction ignores the general rule that jury instructions are to be read as a whole. State v. Brown, 130 Wn. App. 767, 770, 124 P.3d 663 (2005).

3

Butcher suggests that failing to include language about unwitting possession in the to-convict instruction is akin to omission of an essential element. But when pursuing a possession charge, the State is not required to prove that the defendant knew he possessed an illegal substance. Rather, unwitting possession is an affirmative defense. As instruction 11 correctly explained, it was Butcher's burden to prove he did not know the heroin was in his possession. State v. Deer, 175 Wn.2d 725, 735, 287 P.3d 539 (2012), cert. denied, 568 U.S. 1148, 133 S. Ct. 991, 184 L. Ed. 2d 770 (2013). The State explained the relationship of the two instructions in closing argument:

> What is unwitting possession? Possession of a controlled substance is unwitting if the person did not know the substance was in his possession. And this instruction Number 11 talks about the fact that the burden is now on the defendant to demonstrate that. When we talked all about what the State's burden is, the State's burden is to prove everything [in] the to convict instruction beyond a reasonable doubt. This instruction for unwitting possession says it's the defendant's burden to prove by a preponderance that the substance was possessed unwittingly.

Butcher argues that instructions 10 and 11 are prejudicial because they are inconsistent. Butcher asserts that instruction 10, telling jurors they had a "duty to convict" if they found he possessed heroin, nullified instruction 11, which told them he was not guilty if they found his possession was unwitting. This is an overly technical reading. While the court might have been able to improve the wording of the instructions if a timely objection had been raised, it is not reasonably likely that the instructions as given led jurors to believe they had a duty to convict even if they found Butcher's possession was unwitting. We

4

conclude Butcher has not shown a manifest error with respect to instructions 10 and 11.

Butcher also challenges instruction 6: "The defendant is not required to testify. You may not use the fact that the defendant has not testified to infer guilt or to prejudice him in any way." CP at 52. Because Butcher did testify, this pattern instruction was not needed. Butcher did not object to including it. He argues on appeal that the instruction effectively told jurors to "ignore" his testimony as if the trial court had ruled it was inadmissible.

Butcher makes no meaningful effort to demonstrate that instruction 6 constitutes manifest constitutional error. It is not reasonably likely jurors would have understood it as a directive to ignore Butcher's testimony, especially when both parties discussed his testimony at length during closing arguments.

Butcher argues in the alternative that he was deprived of effective assistance due to trial counsel's failure to object to the allegedly erroneous instructions. To prove this claim he must show both deficient conduct and prejudice. State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). For the reasons explained above, Butcher has not shown that the instructions were prejudicial.

Butcher has filed a statement of additional grounds for review as permitted by RAP 10.10. He claims his speedy trial rights were violated; he was improperly searched; jail staff opened and kept his mail, including correspondence with his attorney; his trial attorney failed to interview certain witnesses; the Skagit County community has targeted him with false reports and beatings; the verbatim report

of proceedings contains errors; and a member of the jury was prejudiced against him. Because these claims lack adequate support, they do not warrant review in this appeal.

Affirmed.

_Becker, J._

WE CONCUR:

_Chun, J._        _Andrus, J._